Bbadbtiry, J.
The findings of fact made by the court of common pleas show that the plaintiff in error seeks to recover compensation for recording unofficial surveys made by him while he was county surveyor, not for the county on its employment, nor recorded on the order of the county commissioners, but for recording surveys made upon private employment by individuals, after section 1178, Revised Statutes, had been amended in 1881. 78 Ohio Laws, 286. Section 1178, Revised Statutes, as amended in 1881, reads as follows:
“ The county surveyor shall keep an accurate record of all surveys made for the purpose of locating any land or property line, or road line, or corner, whether official or otherwise, made by himself or his deputies, and other surveys deemed by the county commissioners worthy of preservation.....”
Plaintiff in error contends that he is required by the foregoing provision of section 1178, to record not only official surveys, but also unofficial ones made by himself or deputies for individuals under employment by them, and without submitting such surveys to the county commissioners for their *406 approval; and that it being made his duty to record them the county is liable to him for his fees therefor.
The first enquiry is whether it is the duty of the surveyor to record mere private unofficial surveys unless they are first submitted to the county commissioners and a determination by them that they are worthy of preservation.
That all surveys, made by others than county surveyors and their deputies, must be submitted to the county commissioners, and by them declared to be worthy of preservation, before it becomes the duty of the county surveyor to record them, is entirely clear, and extends to surveys “ locating any land or property line, or road line, or corner;” and that such surveys, when made by him or his deputies, are to be recorded without having first been submitted to the county commissioners. The difficulty lies in determining whether the necessity of the approval by the county commissioners extends also to all private, or unofficial, surveys made by county surveyors or their deputies; the relation of the'several clauses of the section to each other favors the theory that it does not, but it is by no means conclusive; and the difficulty of assigning any valid reason why such surveys, when made by a county surveyor or his deputies, shall be recorded without being first submitted to the county commissioner, but if made by other competent surveyors, they must be so submitted before entitled to record, suggests at once a doubt as to the existence of any such distinction.
The office of construction, when a statute is the subject of it, is to ascertain the legislative will. The purpose of this section (1178, Revised Statutes) is to preserve surveys that are of sufficient general importance to make it probable that they may' be wanted in the future, as evidence, and thus worthy of being preserved by a public record, and the statute should receive a construction that will effectuate that intention, if the language employed will reasonably permit it to be done. “ The intention of the law makers may be collected from the cause or necessity of the act, and statutes are sometimes construed contrary to the literal meaning of the words.....The letter is sometimes restrained, sometimes *407 enlarged, and sometimes the construction is contrary to the letter.” Burgett v. Burgett, 1 Ohio, 480.
That the legislature did not intend that all surveys made for individuals should be preserved by record is shown by the fact that at least some of such surveys axe not to be so preserved unless deemed worthy of it by the county commissioners. Thus, the language of the statute léaves no room to doubt that the preservation of surveys, made by others than county surveyors or their deputies, is made to depend upon their being sufficiently important to require it; this would seem to be the true principle to be applied to all private surveys in determining whether they should be recorded or not. It is not readily perceived why a survey made by a county surveyor should be preserved by record, when, if the same work had been done by another, it would only be preserved in case the county commissioners declared that its importance justified that it should be done.
It has been suggested that a presumption arises in favor of the thoroughness of the work done under the sanction of his official oath, by one who has been selected by the public from among his competitors to perform the duties of county surveyor; but this suggestion looses its force in a great measure when it is observed that the manner in which the work is done does not seem to be the criterion established by the legislature to determine its preservation by record, but rather the nature of the work itself as making it probable that it may be useful in the future as evidence to prevent litigation, or in the event of a controversy arising to determine it correctly. It is evident that the legislature did not desire the preservation of any surveys, by whomsoever they might be made, unless some useful purpose would or might be sub-served thereby. The surveyor himself is not vested with power to determine in any case whether a private survey shall be recorded or not, while it is entirely clear that in respect to some private surveys the county commissioners are clothed with that power. The purpose of the legislature being to preserve by record surveys, which, from their nature, are likely to become useful after the lapse of years, by whom *408 soever they might be made, and having vested no power anywhere to determine the question of their usefulness, except in the county commissioners, this legislative object will be attained by applying the phrase “ deemed by the county commissioners worthy of preservation” to all private surveys, and thus require none to be recorded unless the county commissioners deem them worthy of preservation.
However, were this not so, yet it does not follow that, because a private survey is required to be recorded by a public officer, the public is compelled to pay the fees for recording it. In the case before us no statutory provision has been shown directly authorizing payment out of the public funds of the fees of a county surveyor for recording a private survey; that, however, may not be necessary, for doubtless such an authority might be gathered by construction from the body of a statute in the absence of express words; but in such case the implication of a duty on the part of the public to pay must clearly appear. The fact that a duty is imposed upon a public officer will not be enough to charge the public with an obligation to pay for its performance, for the legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the office, or by fees permitted to be charged and collected for services connected with such duty or services, and hence provides no direct compensation therefor, to be paid out of the public treasury. And in the case now under consideration there is no sufficient implication either in section 1178, or in other parts of the statute, that the county is to be held liable to the county surveyor - for work done by him in re cording private surveys not submitted to the county com missioners, and by them deemed worthy of preservation.
Whether the county is liable for the fees of recording a survey, in case it is submitted to the county commissioners and by them deemed .worthy of preservation, or, whether, when a private survey is recorded, the person for whom it was made is liable to the surveyor for the fees allowed by section 1183, Revised Statutes, is not before the court, and, therefore, will not be considered.

Judgment affirmed.